**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 20, 2012

Lyle W. Cayce
Clerk

No. 11-50673
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

RONALD CASTILLE, JR.,

Defendant - Appellant

Consolidated with
No. 11-50678

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ANDRE LAMONT LEWIS,

Defendant - Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 3:10-CR-2157-1

No. 11-50673
c/w No. 11-50678

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Ronald Castille, Jr., and Andre Lamont Lewis appeal from the district court's denial of their motions to suppress phencyclidine (PCP) discovered during a search of their luggage while they were passengers on a bus stopped at a fixed immigration checkpoint and their statements, which resulted in their conditional guilty plea convictions of conspiracy to possess with intent to distribute one kilogram or more of PCP and one count of possession with intent to distribute one kilogram or more of PCP in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iv) and 846. Castille and Lewis argue that Border Patrol Agent Jose Pacheco violated the Fourth Amendment by impermissibly extending the scope and duration of the immigration checkpoint stop by engaging in a drug investigation.

On appeal from the denial of a suppression motion, we review the district court's factual findings for clear error and its legal conclusions de novo. *United States v. Portillo-Aguirre*, 311 F.3d 647, 651-52 (5th Cir. 2002). In doing so, we consider all of the evidence presented in the light most favorable to the prevailing party, which in this case is the Government. *United States v. Ellis*, 330 F.3d 677, 679 (5th Cir. 2003).

A border patrol agent at a permanent immigration checkpoint may stop a vehicle, including a commercial bus, question its occupants about their citizenship, and conduct a visual inspection of the vehicle without any individualized suspicion that the vehicle or its occupants are involved in a crime. *United States v. Martinez-Fuerte*, 428 U.S. 543, 566-67 (1976); *Portillo-Aguirre*,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

311 F.3d at 652. Nonetheless, an immigration checkpoint stop that exceeds its permissible scope—the investigation of the citizenship status of the persons stopped—or its permissible duration—the time reasonably necessary to determine the citizenship status of the persons stopped—is unlawful. *United States v. Machuca-Barrera*, 261 F.3d 425, 432 (5th Cir. 2001).

In this case, Agent Pacheco boarded the bus, which was nearly full with passengers, and began his immigration inspection. When Agent Pacheco encountered Lewis, he asked whether Lewis was a United States citizen, and Lewis responded that he was. Agent Pacheco then immediately asked whether Lewis had any luggage, and Lewis responded that he did. Agent Pacheco asked for and received consent to look in Lewis's luggage. Agent Pacheco asked for Lewis's consent about 30 seconds into his encounter with Lewis. When Agent Pacheco encountered Castille, the same scenario unfolded. Again, Agent Pacheco asked for and received Castille's consent to search Castille's luggage about 30 seconds into the encounter. After searching Castille's luggage, Agent Pacheco continued his immigration inspection of the remaining bus passengers.

Because the permissible duration of an immigration checkpoint stop includes the time necessary to inquire about citizenship status, request documentation, and request consent to extend the detention, the 30-second stop of each defendant in this case, during which Pacheco asked each defendant about his citizenship status and for consent to search, "lasted no longer than necessary to fulfill its immigration-related purpose." *See Machuca-Barrera*, 261 F.3d at 429, 435; *see also United States v. Jaime*, 473 F.3d 178, 185-86 (5th Cir. 2006). The scope and duration of the immigration checkpoint stop remained valid even though Agent Pacheco had concluded that both Lewis and Castille were United States citizens before he asked for consent to search. *See Jaime*, 473 F.3d at 185. Furthermore, because the scope and duration of the immigration

checkpoint stop were permissible, we will not inquire into Agent Pacheco's motivation in asking for consent to search. *See Machuca-Barrera*, 261 F.3d at 432-34. Finally, because Agent Pacheco requested consent to search during the course of his immigration inspection of the passengers on the bus, our decision in *Portillo-Aguirre* is inapplicable here. *See Jaime*, 473 F.3d at 185-88.

The defendants' convictions are AFFIRMED.